# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GUADALUPE YNOSTROZA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  No. |
| | § |
| GC SERVICES, LP, | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S COMPLAINT

GUADALUPE YNOSTROZA ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff' Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

## JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Spring, Harris County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located at 6330 Gulfton St. Houston TX 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant attempted to collect an alleged debt from Plaintiff.

13. The alleged debt arose from transactions which were for personal, family and household purposes.

14. As part of its collection activities, Defendant placed telephone calls to Plaintiff on her cellular telephone, (315) 569-xxxx.

15. In or around November 2012, Defendant made a telephone call to Plaintiff and left her a voicemail message. *See* transcribed voicemail, attached hereto as Exhibit A.

16. In its voicemail message, Defendant asked Plaintiff to call (866) 391-0768, which is a number belonging to Defendant. *See* Exhibit A.

17. Defendant failed to identify Defendant's company name in its voicemail message to Plaintiff. *See* Exhibit A.

18. Defendant also failed to inform Plaintiff that Defendant, or its employees, is a debt

collector. *See* Exhibit A.

19. Defendant's message withheld the true nature of its call, to collect a debt, in order to deceive Plaintiff into calling Defendant.

20. Defendant uses deceptive voicemail messages in connection with its attempts to collect the alleged debt by not identifying itself, not disclosing the purpose of its phone calls, or that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

 a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff;

 b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its voicemail to Plaintiff;

 c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt;

 d. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt; and

 e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communication that it is a debt collector.

WHEREFORE, Plaintiff, GUADALUPE YNOSTROZA, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCIAL CODE

25. Defendant violated Texas Financial Code based on, but not limited to, the following:

    a. Defendant violated § 392.304(a)(19) of the Financial Code by using deceptive means to collect a debt.

WHEREFORE, Plaintiff, GUADALUPE YNOSTROZA, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

26. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code.

27. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

28. Any other relief that this Court deems appropriate.

Dated: April 2, 2013          RESPECTFULLY SUBMITTED,

                              By:  /s Douglas Baek

                                  Douglas Baek (CA State Bar No. 258321)
                                  Krohn & Moss, Ltd.
                                  10474 Santa Monica Blvd., Suite 405
                                  Los Angeles, CA 90025
                                  Tel: 323-988-2400 x244
                                  Fax: 866-829-5083
                                  dbaek@consumerlawcenter.com
                                  Attorney for Plaintiff